Sutherland, J.
The question is, whether the testator intended, by the codicil, to revoke all the gifts, bequests and devises, directly to his son, Gerard B., in the will, as well those contained in the fourth as in the sixth clause, and to give, devise and bequeath to his two executors, Hibbard and Bayles, *30 upon the trusts mentioned in the codicil, all and every portion or share of his estate, real and personal, which his son Gerard R. would have taken, under the will without the codicil, as well the share of the $20,000, and furniture, plate, &c., given and bequeathed to him by the fourth clause, as the share of the residuary property given, devised and bequeathed to him by the sixth clause of the will; or whether the testator intended, by the codicil, merely to revoke the gift, devise and bequest to him in the sixth clause of the will, and to give, devise and bequeath to his said two executors, upon the trusts mentioned in the codicil, only the share of the residuary property, which his son, Gerard R., would have taken under the sixth clause of the will without the codicil.
It seems to me that no one can read the whole will and codicil without seeing that the testator intended, by the codicil, to place 'in the hands of his said two executors all of his son Gerard’s share of his estate under the will; that is, the shares given to him by the fourth and sixth clauses. What are the words of the codicil? “Whereas I, Stephen D. Beekman, of, &c., have' heretofore made my last will and testament in writing, bearing date, &c., in and by which I have devised and bequeathed unto Gerard Rhodolphus, one of my sons, a certain portion of my estate, real and personal, therein mentioned and described; now, therefore, I do by this, my writing, &c., order and declare that my will is, that instead of such devise and bequest to him, my said son, Gerard Rhodolphus, to and for his use absolutely, I give, devise and bequeath all' that certain portion of my estate, real and personal, mentioned and described in my said last will and testament as the share of my estate intended thereby to be devised and bequeathed to my said son, Gerard Rhodolphus Beehman, to William Hibbard and Nathaniel Bayles, two of the executors,-” &c. By the codicil he gives, devises and bequeaths to the two executors all that certain portion of his estate, real and personal, mentioned and described in the will as the share of his estate intended thereby to be devised and bequeathed to his son Gerard. Now look at the will, and see what portion of his estate, real and per *31 sonal, he intended thereby to devise and bequeath to his son Gerard. By the fourth clause he gives and bequeaths to him, in express and direct words, a certain share or portion of his estate, that is, one half of all his household goods and furniture, &c., and also a certain other share or portion of his estate, that is, one half of $20,000. By the sixth clause he gives, devises and bequeaths to him, in equally plain and direct words, a certain other share or portion of his estate, that is, a third of all the rest, residue and remainder of his estate, both real and personal. There is no other bequest or devise to his son Gerard in the will. Can anything be plainer, then, than that the share of the household goods, furniture, &c., of the $20,000, and of the residuary property, devised and bequeathed to Gerard by the will, constitute all that certain portion of the testator’s estate, mentioned and described in the will as the share “intended thereby to be devised and bequeathed” to his son Gerard ? It is plain to me that the testator meant, by “ all that certain portion of my estate, real and personal, mentioned and described,” &c., his son Gerard’s certain share or portion of his estate under the will, as distinguished from his son Frederick’s share, or any other share, and not the certain. third mentioned in the sixth clause only, or the certain half mentioned in the fourth clause only. What Gerard would have taken under both clauses, is the portion mentioned and described in the will as the share intended thereby to be devised and bequeathed to Gerard.
If the words devised and bequeathed were used in the codicil in a strictly technical sense, and the property disposed of by the sixth clause consisted both of real and personal property, Gerard’s portions of the personal estate, under both clauses, were technically bequeathed, and his share of the real property, under the sixth clause, was technically devised to him, and the words of the codicil, “ devised and bequeathed,” would technically include or refer to Gerard’s share or portions of the estate under both clauses. But it is suggested that the words of the sixth clause being, “as to- all the rest, residue and remainder of my estate, real and personal, I give, devise and *32 bequeath ” one third to Gerard; and the words of the codicil being, “whereas I have devised and bequeathed” unto Gerard, “ a certain portion of my estate, real and personal,” that it is evident that the testator, in making the codicil, had only the third given by the sixth' clause in his mind, from his using the same words and expressions in the codicil by which the third was given by the sixth clause. I do not see the force of this suggestion. If the testator in making the codicil had only the third part or portion of the residuary estate in his mind, how easy, and natural, and prudent would it have been for him to have referred to the sixth clause of the will, or to have said, whereas I have devised and bequeathed a certain third part or share of my estate, &c. I think the testator, in making the codicil, had in his mind all that he had given Gerard in his will, and intended to place it all in the hands of the trustees beyond the reach of Gerard’s creditors, and improvidence, securing to him only a support and maintenance out of the income thereof. The codicil would appear to have been executed the day before the testator’s death, and from the nature of the trust, and the apparent purpose of creating it, it is not to be presumed that the testator intentionally left the $10,000 out of its protection. It is suggested also that the words of the codicil giving to the trustees the power to manage and dispose of Gerard’s portion given to them in trust, during his life, show that the trustees had no power given them by the codicil to receive the $10,000, and no directions to invest it—only to receive and sell real property devised to them, and re-invest the proceeds. The words of the power are “to grant, bargain, sell and dispose of the portion of my estate so devised to them as aforesaid, to re-invest the proceeds,” &c. The words, sell and dispose of, certainly as appropriately apply to personal as to real.property, and the word devised is defined or qualified by the succeeding words, “ in trust as aforesaid,” referring to the devise and bequest to the trustees of Gerard’s certain portion of the testator’s estate, real and personal. It is plain that the words of the power, and of the whole codicil, apply appropriately to both real and personal *33 property. There is no allegation in the complaint as to the value or amount, or nature of the property, which passed under the sixth clause of the will, or, indeed, that any passed.
In answer to the suggestion that the trust would be void as to .the household furniture, &e., and $10,000, by the provision of the Revised Statutes abolishing all trusts excepting certain active trusts, and that it is not to be presumed that the testator intended to create an illegal trust, it is a sufficient answer to say, that the provision of the Revised Statutes referred to does not apply to personal property. As to the real estate, if there was any, the trust is certainly an active trust, within § 55 of the statute; and if the provisions of the statute applied to trusts of personal as well as to trusts of real property, I do not see why the trust would be void as tó the $10,000.
It is also suggested, on the part of the plaintiff, that if he was not entitled to the relief asked for in the complaint, he was, nevertheless, entitled to reach and apply on his judgment all income above what would be necessary for the support of Gerard, and, to determine that question, to have an accounting, and that, therefore, the judgment at special term for the plaintiff on demurrer was right. Hot only was there no such relief asked for in the complaint, but the allegations would not have authorized such relief to be asked for or granted. The complaint was framed on a different theory, and no such point would appear to have been taken in the court below.
My conclusion is, that the judgment of the Supreme Court should be affirmed, with costs.
All the judges concurring,
Judgment affirmed.